IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:94-CR-042-D |
| VS. § | |
| § | |
| DERRICK DAMON RAINWATER, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

Defendant Derrick Damon Rainwater's ("Rainwater's") November 27, 2019 letter to the court, treated as a motion to reduce sentence, is denied because § 403 of the First Step Act of 2018 does not provide retroactive relief.

Rainwater "was convicted of six counts of robbery and aiding and abetting, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1951 (the Hobbs Act) [Counts 1, 3, 4, 6, 8, and 10], and of five counts of using a firearm during a crime of violence (COV) and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) [Counts 2, 5, 7, 9, and 11]." *Rainwater v. McConnell*, 803 Fed. Appx. 802, 802 (5th Cir. 2020) (per curiam). The court imposed Rainwater's sentence on August 12, 1994, and he is currently serving a total term of imprisonment of 1,117 months: 97 months for the six Hobbs Act convictions; a consecutive term of 60 months for the first Section 924(c)(1) conviction; and four consecutive 240-month terms for the four subsequent Section 924(c)(1) convictions. *See* Dkt. No. 198 (corrected amended judgment entered Mar. 19, 2008); *see also United States v. Rainwater*, 267 Fed. Appx. 343, 344 (5th Cir. 2008) (per curiam) ("The version of 18 U.S.C. § 924(c)(1) in effect at the [time] of Rainwater's conviction mandated consecutive 240-month sentences on each of [the subsequent Section 924(c)] counts" — Counts 5, 7, 9, and

11.).

In his November 27, 2019 letter, Rainwater moves under § 403 of the First Step Act of 2018 for reconsideration of the sentences imposed on his consecutive § 924(c) convictions.

> The First Step Act
>
> was signed into law on December 21, 2018, "introducing a number of criminal justice reforms." Among those reforms, § 403 of the Act amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to reduce the severity of "stacked" charges. Before the Act, the 25-year minimum was triggered by any "second or subsequent conviction under this subsection." Now, it is triggered only by a repeat "violation . . . that occurs after a prior conviction under this subsection has become final." In other words, the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses. Now, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution.

*United States v. Gomez*, 960 F.3d 173, 176-77 (5th Cir. 2020) (footnotes omitted).

The Fifth Circuit's decision in *Gomez* forecloses the relief Rainwater now seeks. As the Fifth Circuit held, the First Step Act "itself plainly states that § 403 is not retroactive: It applies to an offense committed before its December 21, 2018 effective date only 'if a sentence for the offense ha[d] not been imposed as of such date.'" *Id.* at 177 (footnote omitted); *see also United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, *going forward*, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . .has become final' will trigger the 25-year minimum." (citation omitted; emphasis added)); *United States v. Ross*, 2020 WL 3977113, at *3 (N.D. Tex. July 14, 2020) (Boyle, J.) ("Because the First Step Act was enacted in 2018, and Ross was sentenced in 2010, § 403 does not affect his sentence." (citation omitted)).

- 3 -

\* \* \*

Accordingly, because the relief Rainwater seeks is not available to him under § 403 of the First Step Act of 2018, his motion is denied.

**SO ORDERED**.

August 12, 2020.

                                            _____
                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE