IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:94-CR-042-D(1) |
| | § | |
| DERRICK DAMON RAINWATER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Derrick Damon Rainwater ("Rainwater")—sentenced to a total of 1,128 months in prison (later reduced to 1,117 months) for a series of armed robberies involving mandatory sentence stacking under 18 U.S.C. § 924(c)—moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a sentence reduction. Having considered the parties' submissions and heard oral argument, and for the reasons explained, the court grants the motion to the extent that it reduces Rainwater's sentence to 397 total months' imprisonment.

I

Between July and October 1993, Rainwater committed six robberies, several of which involved the use of firearms. Following his indictment and trial in 1994, he was convicted on multiple counts (11 in all) of robbery and use of a firearm during a crime of violence. Critically, the convictions under 18 U.S.C. § 924(c)(1) for use of a firearm during a crime of violence (counts 2, 5, 7, 9, and 11) carried mandatory consecutive sentences of 5 years for the first conviction (count 2) and 20 years for each successive conviction (counts 5, 7, 9, and

11).

In 2018 Congress enacted the First Step Act, one component of which clarified that sentence stacking in § 924(c) cases "applies only when a prior § 924(c) conviction arises from a separate case and already 'has become final.'" *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (quoting Pub. L. No. 115-391 § 403(a), 132 Stat. 5194, 5222 (2018)). In this respect, however, the Act is explicitly forward looking only. *See United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020) (holding that the First Step Act "itself plainly states that § 403 is not retroactive: It applies to an offense committed before its December 21, 2018 effective date only 'if a sentence for the offense ha[d] not been imposed as of such date.'" (alteration in original) (footnote omitted)); *see also United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, *going forward*, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum." (alterations in original) (emphasis added) (citation omitted)). But while this clarification of the law is not retroactive, district and circuit courts have recognized that a judge can reduce such a sentence under the authority conferred in 18 U.S.C. § 3582(c)(1)(A)(i), which the First Step Act also amended. As Rainwater points out in his motion and several notices of supplemental authority, numerous district judges across the country—including at least one judge of this court, *see United States v. Fowler*, No. 4:92-CR-177-Y, slip op. at 6 (N.D. Tex. Feb. 24, 2021) (Means, J.)—have granted sentence reductions in cases where defendants were sentenced under 18 U.S.C. 924(c) before the First Step Act took effect, and, consequently, subjected to

mandatory stacking.

Rainwater now moves for such relief, which the government opposes.¹ The court has heard oral argument.²

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under 18 U.S.C. § 3582(c)(1)(A), as amended

---

¹One basis on which the government opposes the motion—that Rainwater is seeking relief that falls outside U.S.S.G. § 1B1.13, the United States Sentencing Commission's policy statement governing compassionate release motions—has now been resolved against it. *See United States v. Shkambi*, ___ F.3d ___, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) ("[W]e conclude that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582. ).

²On March 24, 2021 the court issued an order for purposes of apprising the parties of the anticipated timing of its ruling. It stated that would carry Rainwater's motion while awaiting further Fifth Circuit guidance "on issues that are key to deciding his motion," explaining that "[f]ollowing oral argument and consideration of the record, the court ha[d] already concluded that, even if it granted Rainwater's motion today, it would not reduce his sentence to a term approximating time served." Mar. 24, 2021 Order at 1. In response, Rainwater's counsel on April 9, 2021 made a request for supplemental briefing and hearing. He asked for an opportunity to provide supplemental data from other cases and for Rainwater to be able to address the court via video before the court decides whether, and to what extent, to reduce Rainwater's sentence.

Rainwater filed the supplemental data on April 16, 2021, and the court has considered it. This part of his request is therefore moot. The court has already received extensive briefing on Rainwater's motion and held a hearing that lasted more than two hours. Even though Rainwater does not have a right to be present for a sentence reduction proceeding—*see* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present under any of the following circumstances: . . . The proceeding involves the . . . reduction of sentence under . . . 18 U.S.C. §3582(c).")—the court arranged for him to observe the oral argument by video. Because the court has before it all the information it deems necessary to make its decision, the parties have been fully and fairly heard, and Rainwater is not entitled to be present for the court's consideration of his motion, the court denies Rainwater's request for another video conference at which he can address the court.

- 3 -

by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.

The government acknowledged at oral argument that Rainwater has exhausted his administrative remedies. The court therefore turns to the other requirements for granting a sentence reduction.

III

The court begins by reaching the preliminary conclusion that there are extraordinary and compelling reasons to reduce Rainwater's sentence. Although subject to further scrutiny under the factors of 18 U.S.C. § 3553(a), this conclusion is based on a straightforward premise: It appears facially unjust that a defendant like Rainwater has received a sentence that is decades longer than what Congress now deems warranted, as evidenced by its adoption of the First Step Act. "A reduction in [such a] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019). Consequently, "[r]ecognizing the disparity created by the First Step Act's alterations to § 924(c), many district courts have granted reductions to defendants with 'stacked' 924(c)

- 4 -

convictions." *United States v. Curtis*, 2020 WL 6484185, at *7 (N.D. Okla. Nov. 4, 2020). These courts have determined that the First Step Act's change to the sentencing law under § 924(c), "which would have shortened each defendants' sentence by a full 30 years – could be considered under the 'extraordinary and compelling' standard." *McCoy*, 981 F.3d at 279. This reasoning applies with at least equal, if not greater, force in Rainwater's case: the court's decision today—guided by Congress' change in the sentencing law—reduces his sentence from about 93 years' imprisonment to just over 33 years, a *60-year reduction* in his prison sentence. *See, e.g., Curtis*, 2020 WL 6484185, at *1, *9 (reducing sentence of 189 years to time served).

## IV

The court now turns to an analysis of the 18 U.S.C. § 3553(a) factors.[3] The court is

---

[3]The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- 5 -

---

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. issued by the Sentencing

- 6 -

obligated to consider these factors to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that, when deciding whether to modify a term of imprisonment, the court must "consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable"); *United States v. Shkambi*, ___ F.3d ___, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). And consideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce Rainwater's sentence.

A

The first factor considers the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

To be sure, Rainwater committed a series of violent crimes. Between July and October 1993, he and another person committed six robberies of fast food restaurants (one

---

> Commission pursuant to 28 U.S.C. 994 (a)(2) that is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

(footnote omitted)

- 7 -

of which he robbed multiple times). The robberies involved the use of weapons (guns and knives) and other acts of violence, such as death threats and forcing store employees into the stores' walk-in coolers. Each crime had at least one victim. Rainwater then perjured himself at trial by testifying that he did not commit the robberies as charged and was not present at any of the locations when they were robbed. The court enhanced the guideline portion of his sentence for obstructing justice through his false trial testimony.

As for Rainwater's history and characteristics, courts deciding motions to reduce sentences—including motions filed in § 924(c) cases—have considered "each defendant's individual circumstances – including their youth at the time of the offenses, their lack of significant prior criminal history, their exemplary behavior and rehabilitation in prison, and their already-substantial years of incarceration[.]" *McCoy*, 981 F.3d at 274. Rainwater was 23 years old at the time he committed the robberies; he is 51 today. He was in criminal history category I and had zero criminal history points at the time of sentencing. Rainwater has bettered himself in prison through extensive educational efforts, including obtaining his GED and various professional certifications. His prison disciplinary record, which covers a period approaching three decades, is relatively clean overall, although he has lost some good time credit due to disciplinary infractions. Rainwater was transferred to a low security facility in 2020 to enable him to participate in educational and vocational programs not available in a medium security facility. A BOP "Work Assignment Summary" dated March 27, 2021 paints a quite positive picture of Rainwater's conduct while in prison, using adjectives such as "exemplary," "excellent," and "impressive" to describe his performance.

> Since his incarceration, Mr. Rainwater has proven to be very productive and consistent with acquiring various work details. He has proven to perform his duties at an exemplary level, displaying excellent work ethic and reliability. Additionally, he has received impressive work evaluation reports and is currently assigned as a hospital orderly on the medical housing unit here at FMC Fort Worth.

ECF No. 251-2. Rainwater has been incarcerated for more than 27 years.

Rainwater's violent criminal conduct and his obstructive trial conduct mandate a severe sentence: but a sentence of 397 months *is severe*. There is nothing in the nature and circumstances of the offense and Rainwater's history and characteristics that renders such a sentence inadequate.

B

The second factor considers the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

A sentence of 397 months (about 33 years) reflects the seriousness of Rainwater's offenses, promotes respect for the law, provides just punishment for the offenses, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. And no greater sentence is required to provide Rainwater with needed educational or vocational training, medical care, or other correctional treatment. He has

taken advantage of many educational and vocational training opportunities while incarcerated.[4]

There is nothing in the components of the second factor that renders inadequate the reduced sentence imposed today.

C

Considered together, the third, fourth, and fifth factors are: the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant, as set forth in the guidelines issued by the Sentencing Commission on the date of sentencing; and any pertinent policy statement issued by the Sentencing Commission in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(3)-(5).

There is nothing in the components of the third, fourth, or fifth factor that renders inadequate the reduced sentence now imposed. For the reasons explained below, the court is imposing a sentence that approximates the one the court would have handed down had mandatory stacking not applied at the time of sentencing in 1994. That sentence—minus mandatory stacking—would have reflected any and all considerations dictated by the third, fourth, and fifth factors.

---

[4]*See* ECF Nos. 232-2, 232-3, 232-4, and 251-2.

D

The sixth factor considers the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6).

The court finds at a general level that Rainwater should not, in effect, be sentenced under a mandatory-stacking scheme when district judges in significant numbers nationwide are opting to eliminate mandatory stacking by reducing such sentences in light of the First Step Act. At a specific level, the court finds, as explained *infra* at § VI(A), that Rainwater's reduced sentence should approximate the sentence the court would have imposed had mandatory stacking not applied at the time of sentencing in 1994.

There is nothing in the sixth factor that renders inadequate a reduced sentence of 397 months.[5]

E

Finally, the seventh factor considers the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(7).

Reducing Rainwater's sentence does not impact the order that he pay restitution. The amended judgment filed today still obligates him to make restitution to the victims of his

---

[5]Nor is the court persuaded that Rainwater should be sentenced to time served merely because other defendants have received such sentences. In the court's view, a sentence of time served would not adequately approximate the sentence the court would have imposed in 1994, and, under § 3553(a), would not be sufficient, but not greater than necessary, to comply with the purposes for sentencing set forth in § 3553(a)(2).

offenses and includes the requirement that he pay any unpaid restitution.

V

The court finds that no § 3553(a) factor, considered alone or in tandem with any other, calls into question the preliminary premise that Rainwater's sentence should be reduced. Based on the combined Congressional elimination of mandatory stacking under § 924(c) and an evaluation of the applicable § 3553(a) factors, the court concludes that there are extraordinary and compelling reasons that warrant reducing Rainwater's sentence.

VI

Having concluded that Rainwater's motion should be granted, the court now determines the extent of the reduction.

A

Rainwater maintains that his sentence should be reduced to time served. The government opposes granting the motion at all. It contends that, if the motion is granted, the reduction should be more modest considering that, if Rainwater were sentenced today, he would still face 33 years in mandatory § 924(c) sentences plus the 97 months he received on his robbery convictions.

The court in its discretion concludes that Rainwater's sentence should *approximate* the one the court would have imposed had mandatory stacking not applied at the time of sentencing in 1994. The court emphasizes the term "approximate" because this calculation is not intended to be made with the precision of a surgeon's scalpel. Instead, the court simply intends that there be a reasonable correlation between the reduced sentence imposed today

and the one the court would have handed down in 1994 without mandatory stacking but with all other material factors essentially the same (e.g., the mandatory guidelines). Although this attempt at a reasonable correlation is not in any respect mandated by law, and the court retains the full panoply of options, the court deems this result to be warranted on this record. It therefore concludes that Rainwater should be sentenced to a term of imprisonment of 397 months in total.

B

Accordingly, it is adjudged that Rainwater is hereby committed to the custody of the BOP to be imprisoned for a term of 97 months on counts 1, 3, 4, 6, 8, and 10.

It is ordered that the sentences on counts 1, 3, 4, 6, 8, and 10 shall run concurrently with one another, except as to the mandatory special assessments, which shall run consecutively.

Rainwater is hereby committed to the custody of the BOP to be imprisoned for a term of 60 months per count on counts 2, 5, 7, 9, and 11, for a total of 300 months.

It is ordered that the sentences on counts 2, 5, 7, 9, and 11 shall run consecutively to one another and shall run consecutively to the sentences on all other counts, except as to the periods of supervised release, which shall run concurrently.

The total term of imprisonment imposed is 397 months in the custody of the BOP (i.e., 33 years and 1 month).

Although it is the BOP that determines good time credit and calculates the time Rainwater has actually served on his sentence, it appears that, even after good time credit is

applied, Rainwater must still serve additional time after the amended judgment entered today. But if the BOP determines that Rainwater has already served a sentence of 397 months (with good time credit), it is the court's intention that his reduced sentence be no lower than the time he has already served, plus 14 calendar days from the date the amended judgment is entered.[6]

\* \* \*

Accordingly, for the reasons explained, the court grants Rainwater's motion to the extent that it reduces his sentence to 397 total months' imprisonment. The court is entering an amended judgment today. The clerk of court is directed to provide copies of this memorandum opinion and order and of the amended judgment to the usual recipients, and shall also provide copies to the BOP.

**SO ORDERED**.

April 26, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[6] It is up to the BOP, of course, to decide the type of facility in which Rainwater serves the balance of his sentence (e.g., a custodial setting, halfway house, or home confinement).